# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | | |
|---|---|---|
| ERIC MAGALL CRISWELL, | * | |
| Plaintiff, | * | |
| v. | * | No. 4:18cv00016-SWW-JJV |
| REED MILLER, Booking, Faulkner County Jail, | * | |
| Defendant. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Eric Magall Criswell ("Plaintiff") is incarcerated at the Faulkner County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he was charged for commissary items he did not sign for. (*Id*. at 4-6.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

Plaintiff's "Statement of claim" states as follows, in its entirety:

That is not my hand written and this [receipt] So That's what I'm asking for but They denied me.

I was not here 2-2-17 I was on my way To TPV. So I Know I wasn't here.

(Doc. No. 2 at 4.) Plaintiff has attached a receipt for commissary items that bears a signature under the line "I have received this order." (*Id*. at 6.) The receipt is dated February 2, 2017. (*Id*.) Plaintiff states, "This one is what I'm after To get Back. Not my [signature]." (*Id*.) For relief, Plaintiff states he wants "Them To give what is mine and then what is fair To me." (*Id*. at 5.)

I am sympathetic to Plaintiff's allegation that he should be reimbursed for the purchase of commissary items he apparently did not receive. But Plaintiff's claim is not cognizable under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege facts sufficient to show (1) the defendants acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Commissary privileges do not implicate a constitutional right. *See, e.g.*, *Tokar v. Armontrout*, 97

3

F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."); *Poole v. Stubblefield*, 2005 WL 2290450, at 2 (E.D. Mo. 2005) (a prisoner has "no constitutionally protected interest in commissary privileges or commissary prices"); *Boyd v. Lasher*, 2010 WL 444778, at 2 (E.D. La. 2010) (inmate's claim of being overcharged for commissary purchases failed to state a claim of violation of constitutional rights cognizable under § 1983).

Additionally, to the extent Plaintiff intends to bring a due process claim for the intentional or negligent loss of his personal property, such a claim is barred because "a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff's remedy for the loss of his personal property is a claim before the Arkansas Claims Commission. *See, e.g.*, *Williams v. Campbell*, 25 Fed. App'x 477, 479 (8th Cir. 2001) (per curiam) (holding inmate could not state a claim under § 1983 for the deprivation of his personal property because state law provided an adequate post-deprivation remedy in the form of an Arkansas Claims Commission claim).

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

4

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 9th day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."